IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GUNNAR GEORGE TEMPEST,

                Plaintiff,

v.

NURSE SHANTA ANDERSON, *et al.*,

                Defendants.

OPINION and ORDER

24-cv-709-jdp

---

Plaintiff Gunnar George Tempest, a state prisoner representing himself, alleges that defendant medical care staff delayed or denied him necessary medication for his post-traumatic stress disorder in violation of his federal constitutional rights. This order addresses plaintiff's renewed motion for assistance in recruiting counsel, Dkt. 46, and his motion to submit evidence, Dkt. 47. For the following reasons, both motions are DENIED.[1]

ANALYSIS

**A. Motion for assistance in recruiting counsel, Dkt. 46**

Plaintiff renews his request for counsel for a third time. *See* Dkt. 9, Dkt. 29, & Dkt. 46. He stated in his previous motions that he does not have enough money to hire a lawyer, he lacks legal expertise, is unsure how to proceed, and the case is complicated. Dkt. 9 & Dkt. 29. In his latest motion, plaintiff states that he has continued to seek representation on his

---

[1] Plaintiff notes in his motion for counsel that he requested "case deadlines" from the court but never received them, and that prison staff has "misplaced, complet[e]ly disorganized all of [his] legal work during searches, cell movement." Dkt. 46. In light of these reports and to avoid delay, the court will provide plaintiff with this order a one-time courtesy copy of the docket sheet and the preliminary pretrial conference order that includes his case deadlines.

own without success, that he is "struggling . . . to keep up," and that he cannot afford an expert witness, so he plans on calling prison staff to testify at trial. Dkt. 46. In support, he has previously filed letters from law firms and legal aid organizations declining to represent him. Dkt. 29-1.

Litigants in civil cases do not have a constitutional right to counsel, and the court does not have the authority to appoint counsel to self-represented plaintiffs in civil matters. Rather, the court can only help recruit counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (en banc).

To succeed on a motion to assist with the recruitment of counsel, plaintiff must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. Plaintiff has met this requirement because he is proceeding in forma pauperis. Dkt. 4.

Second, plaintiff must show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). Plaintiff has met this requirement as well by filing letters from law firms and legal aid organizations that have declined to represent him, and by asserting that he continues to seek an attorney. *See* Dkt. 29-1.

Regardless, plaintiff must also demonstrate that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's ability to prosecute it. *Mote*, 503 F.3d at 654–55. Federal civil litigation is generally challenging for most self-represented, indigent parties, and their limited knowledge of the law

is a common predicament. So are the limitations on incarcerated individuals. The court receives hundreds of new lawsuits every year from unrepresented plaintiffs, but there are only about 15 to 20 attorneys who might volunteer to take one such case a year. This means that the court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

In this respect, plaintiff's renewed motion must be denied because plaintiff has not established that this case is one of the relatively few in which it is necessary to recruit counsel. The court has provided plaintiff guidance on how to use the discovery process to obtain evidence in support of his claims and on other aspects of litigating this case as an unrepresented litigant. *See* Dkt. 16 & Dkt. 33 (pretrial conference orders and preliminary pretrial packets). So far, plaintiff has accomplished the legal tasks before him, such as participating in discovery and naming his Doe defendants. *See, e.g.*, Dkt. 30 (motion to identify Doe defendants). Should any of his claims proceed to trial, plaintiff will receive further guidance on trial preparation, including how to call witnesses to testify and the presentation of evidence.

Plaintiff now must review the discovery he has received and defendants' motion for summary judgment, and to do his best to prepare and timely file his response by his January 12, 2026 deadline. Should he ever need more time to complete a legal task due to his health conditions or other circumstances, he may file a motion. But plaintiff does not claim that he is incapable of completing these tasks, and his participation in telephonic pretrial and status conferences as well as his court filings to date do not suggest that his abilities fall below those

of the hundreds of self-represented plaintiffs who litigate cases in this court every year, including inadequate medical care cases like this one.

The court will deny plaintiff's motion without prejudice, which means that he can renew his motion if any of his claims proceed to trial and he believes that he is no longer able to litigate the lawsuit himself. If he refiles his motion, he will need to explain what specific legal tasks he is unable to accomplish and why.

**B. Motion to submit evidence, Dkt. 47.**

Plaintiff has also filed a motion to submit evidence, including medical records and inmate complaint documents. Dkt. 47-1. Plaintiff does not explain why he filed these documents or whether they relate to a motion, so the court will deny the motion. For plaintiff's benefit, the court notes that plaintiff does not need to submit all the evidence he receives from defendants to the court—he only needs to submit the specific evidence he needs to support or oppose a motion with the motion or response. For example, plaintiff may decide to submit certain evidence with his response to defendants' motion for summary judgment that plaintiff believes supports his claims or refutes defendants' arguments and explain why this evidence matters.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for assistance in recruiting counsel, Dkt. 46, is DENIED without prejudice.

2. Plaintiff's motion to submit evidence, Dkt. 47, is DENIED.

3. The court will send plaintiff a copy of this order along with a copy of the docket sheet and the preliminary pretrial conference order at Dkt. 33. Should plaintiff need additional copies of court filings in the future, he must contact the clerk's office with his request. The clerk's office charges $0.10 a page for copies.

Entered January 7, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge